**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NOAH MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-0223(EGS) |
| | ) |
| UNITED STATES OF AMERICA | )    ECF |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR FOR SUMMARY JUDGMENT**

Defendant, U.S. Department of Justice Federal Bureau of Prisons, (BOP) by and through undersigned counsel, hereby moves this Court to enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law.  In support of its motion, Defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts Not In Dispute, Declaration of Christine Greene, and exhibits.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments.  See, e.g., Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Civil Rule 7(h); Fed. R. Civ. P. 56(e).  Specifically, Rule 56(e) of the Federal Rules of Civil Procedure provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent

to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The grounds for the motion are set forth in more detail in the accompanying memorandum of points and authorities in support of the motion.[1]

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Consistent with the guidance of the Court of Appeals in <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Defendant reminds this *pro se* litigant that his failure to respond or contest Defendant's motion may lead to an entry of adverse judgment against him.  In <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court of Appeals noted that a *pro se* party may lose if he fails to respond to a dispositive motion.  <u>See also</u> <u>Ham v. Smith</u>, 653 F.2d 628, 629-30 (D.C. Cir. 1981).  Failure to respond to Defendant's motion may result in the District Court granting the motion and dismissing the case.

\_\_/s/_____
RAYMOND A. MARTINEZ TX BAR # 1314405
Special Assistant United States Attorney
555 Fourth Street, N.W, Room E4417
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOAH MOORE , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-0223 (EGS) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

3

_____)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION  FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, and pertains to the processing of

Plaintiff's FOIA request by Defendant.  Summary judgment must be granted in Defendant's

favor because Defendant properly withheld documents that are exempt from release.  Moreover,

the appropriate Defendant in this action would be the agency (BOP) that denied the request, not

the United States.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Noah Moore, Register Number 24804-013, was sentenced on December

15, 1993, to a 235-month term of imprisonment by the United States District Court for the

Eastern District of Louisiana for Conspiracy to Distribute and Possession With Intent to

Distribute Cocaine (in violation of 21 U.S.C. § 846) and Aiding and Abetting (in violation of 18

U.S.C. § 2).  *[See Exhibit #1, Sentence Monitoring Computation Data]*.  Mr. Moore currently is

incarcerated at the Federal Correctional Institution (FCI) Elkton, Ohio.  *[Id.]*.

By letter dated February 8, 2007, the BOP acknowledged receipt of Mr. Moore's request

for telephone call monitoring reports for the year 2003; all statements made by certain staff

members; adverse filings against staff members which may be contained in their personnel files;

information regarding other inmate's plea agreements including investigation notes, and

interviews of witnesses.  *[See Exhibit #2, Affidavit of Christine Green, ¶4 ] & [See Exhibit #3,

Letter of February 8, 2007]*.  In this letter, Mr. Moore was advised that the retrievable time

period for recordings of telephone conversations is 180 days; thus, conversations dating back

more than 180 days are no longer available. *[Id.]*. Mr. Moore was also advised that conversations between parties, are exempt from release under § 552(b)(7)(c), and that personal information on staff cannot be released without the staff's written permission. *[Id.]*. Specifically in regards to Mr. Moores' request as to all statement made by certain staff members; adverse filing against staff members; information regarding other inmate plea agreements including interview notes and interview of witnesses, the February 8, 2007 letter advised him that such information cannot be released without written permission. Mr. Moore in the instant complaint is not challenging the non-release of this aspect of his request.

By letter dated February 27, 2007, Mr. Moore acknowledged receiving the BOP's February 8, 2007, letter and stated he understood he could no longer get actual telephone conversations but wanted a copy of the phone monitoring logs from January 2003 through September 2003. *[Exhibit #2, ¶5] &  [See Exhibit #4, Letter of February 27, 2007]*.

By letter dated March 15, 2007, the BOP acknowledged receipt of Mr. Moore's request for telephone monitoring logs from January 2003 through September 2003. *[Exhibit #2, ¶6] & [See Exhibit #5, Letter of March 15, 2007]*. Mr. Moore was informed logs only existed for the time period of January through May 2003. *[Id.]*. However, the logs located were being withheld in their entirety under 5 U.S.C. §§ 552(b)(5); (b)(7)(c); and (b)(2). *[Id.]*.

By letter dated April 27, 2007, Mr. Moore filed an appeal of the withheld documents to the United States Department of Justice, Office of Information and Privacy (OIP). *[Exhibit #2, ¶7] & [See Exhibit #6, Letter of April 27, 2007]*. In his appeal, Mr. Moore claimed that telephone monitoring logs for 2000, 2001, and 2002 were used against him during a criminal trial held May 17-20, 2004. *[Id.]*. Mr. Moore also claimed various BOP staff testified about the

phone monitoring logs which helped the Government convict him.  *[Id.]*.  Mr. Moore asserted he

was entitled to the logs because there was a great possibility that the logs contained information

that could exonerate him.  *[Id.]*.

By letter dated May 18, 2007, OIP acknowledged receiving Mr. Moore's appeal.

*[Exhibit #2, ¶8] & [See Exhibit #7, Letter of May 18, 2007]*.  On June 23, 2007, OIP responded

to Mr. Moore's appeal and indicated the logs were exempt from Privacy Act provisions pursuant

to  5 USC § 552a(j)(2).  *[Exhibit #2, ¶9] & [See Exhibit #8, Letter of June 23, 2007]*.  The OIP

also indicated the BOP properly withheld the logs in their entirety under FOIA exemptions §

552(b)(2) and § 552(b)(7)(c).  *[Id.]*.

By letter dated July 18, 2007, Mr. Moore filed a request for reconsideration with OIP.

*[Exhibit #2, ¶10] & [See Exhibit #9, Letter of July 18, 2007]*.  In his letter for reconsideration,

Mr. Moore asserted that § 552(b)(2) was inapplicable because this was a trial matter.  *[Id.]*.  Mr.

Moore also asserted § 552(b)(7)(c) was inapplicable because government witnesses had testified

about the telephone monitoring logs at his trial. *[Id.]*.  On August 3, 2007, OIP responded to Mr.

Moore's request for reconsideration and indicated the original decision was appropriate.

*[Exhibit 2 ¶11]*

### III.  ARGUMENT

#### A.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where

"there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment

as a matter of law."  See, e.g., Termorio S.A. E.S.P. v. Electranta S.P., 2007 W.L. 1515069, *12

(D.C. Cir. 2007); Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003);

Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (emphasis added).

An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case by showing that "each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements."  See Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980) (quoting National Cable Television Ass'n v. FCC, 479 F. 2d 183, 186 (D.C. Cir. 1973)).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure.  Id.  Summary judgment may be awarded to an agency in a FOIA or Privacy Act case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'"  See, e.g., McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir.1978).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under the FOIA and the Privacy Act.  See, e.g., Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); Weisberg v. Dep't. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); Weisberg v. U.S. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983); Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985).

Since Defendant's declarations demonstrate that the BOP and OIP met their obligations

4

under the FOIA  and the pleadings and other filings show no genuine issue as to any material

fact, summary judgment should be granted to the Defendant.

**B.      Federal Bureau of Prisons Is The Only Proper Party**

Mr. Moore has brought this complaint against the United States to obtain

documents withheld under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. However,

the plain language of 5 U.S.C. § 552(a)(4)(B) dictates that only federal agencies are proper party

defendants in FOIA litigation, not the United States.  The appropriate Defendant in an action for

improperly withheld information would be the agency that denied the request, not the United

States or an individual federal employee.  Thompson v. Walbran, 990 F.2d 403, 404 (8th

Cir.1993) (agency employees are not proper parties to FOIA claim) (*citing* Sherwood Van Lines

v. United States Dep't of the Navy, 732 F.Supp. 240, 241 (D.D.C.1990)); National Western Life

Ins. Co. v. U.S., 512 F.Supp. 454, 463 (D.C.Tex.1980) (dismissing United States as a party to

FOIA claim because "it is clear that the United States is not a proper party.").  Since the Federal

Bureau of Prisons (BOP) withheld the information at issue, the BOP is the only proper

Defendant.  Thus, the Government requests that the Court dismiss the United States and

substitute the Federal Bureau of Prisons as the Defendant.

**C.      Defendant Has Not Improperly Withheld Records**

In order to prevail, Mr. Moore must demonstrate that the BOP has (1) improperly (2)

withheld (3) agency records.  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142

(1989) (internal quotations omitted).  After receiving Mr. Moore's FOIA request and locating the

responsive documents, the Defendant informed Mr. Moore that the documents were being

withheld in their entirety under FOIA exemptions §§ 552(b)(5); (b)(7)(c); and (b)(2).  *[Exhibit #2, ¶6] & [Exhibit #4]*.  These exemptions were applied to withhold a total of 66 Inmate Telephone Monitoring Reports that were generated from January through April 2003.  *[Exhibit #2, ¶6]*.  These forms are utilized by BOP staff to document information gathered during monitoring of inmate telephone calls that is pertinent to the security of the institution and community at large. *[Exhibit #2, ¶15]*.  Each document relates to and contains information regarding the agency's internal practices and third party information, and thus, was withheld in full.  *[Id.]*.  After filing an appeal with OIP, Mr. Moore was informed the documents were exempt under Privacy Act provision 5 USC § 552a(j)(2), and were properly withheld in there entirety under FOIA exemptions § 552(b)(2) and § 552(b)(7)(c).  *[Exhibit #2, ¶9] & [Exhibit #7]*.  OIP affirmed its decision after Mr. Moore filed a letter for reconsideration.  *[Exhibit #2, ¶11] & [Exhibit #9]*.

### 1.  The BOP Properly Invoked Privacy Act Exemption (j)(2)

The BOP, a Department of Justice component, compiles recorded telephone conversations in order to ensure the safety of its institutions and to protect the public.  BOP regulations state in part:

> The Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public.

28 C.F.R. § 540.102.  Furthermore, the BOP published in the Federal Register, a notice establishing a system of records entitled "Telephone Activity Record System (Justice/BOP-011)."  As part of this notice, the BOP detailed the purposes for which this system of records is

maintained:

> This system of records is maintained to manage financial records relating to inmate calls and to ensure that inmates exercise their telephone privileges in a manner consistent with correctional goals. The related uses for which BOP will maintain the system include (1) accounting of inmate funds for telephone use; (2) maintaining inmate telephone lists; (3) monitoring of inmate telephone activity; and (4) conducting investigations, e.g., investigations of inmate funds as related to telephone usage, and/or illegal activities or suspected illegal activities being conducted, coordinated or directed from within a Federal correctional institution. 60 Fed.Reg. 19,958 (1995).

Section (j)(2) of the Privacy Act allows an agency to exempt from mandatory disclosure certain systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . . ." 5 U.S.C. § 552a(j)(2).  The Inmate Telephone Monitoring Reports at issue in this matter are internal documents utilized for internal practice of investigating illegal activities or suspected illegal activities being conducted, coordinated or directed from within a federal correctional institution. (See Exhibit 2 ¶15).  The BOP, as the steward of the Federal Penal system is responsible under 18 U.S.C. §4042 for carrying out the final phase of the law enforcement purpose. ( Id ¶13).  Pursuant to the Privacy Act, 552a(j)(2), the BOP has appropriately exempted this system of records from the access provisions of the Privacy Act, 28 CFR 16.97(e) & (f).   Accordingly, the Reports at issue, are exempt from disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(j)(2), in conjunction with 28 C.F.R. § 16.97 (2007).  Although access to these reports were denied pursuant to the Privacy Act, they were then considered for release pursuant to the access provisions of the FOIA.  (Id ¶13).

2.    **Exemption 5 U.S.C. § 552(b)(2)**

Under 5 U.S.C. § 552(b)(2) (hereinafter "FOIA Exemption 2"), the Government is not

required to disclose records "related solely to the internal personnel rules and practices of an

agency."  5 U.S.C. § 552(b)(2).  Exemption 2 applies primarily to two types of materials: (1)

internal agency matters so routine or trivial that they could not be "subject to...a genuine and

significant public interest" and (2) internal agency matters of some public interest "where

disclosure may risk circumvention" of statutes or agency regulations.  Dept. of Air Force v.

Rose, 425 U.S. 352, 369-70 (1976); Schiller v. National Labor Relations Board, 964 F.2d 1205,

1207 (D.C. Cir. 1992).

Depending upon the nature of the information, documents will fall within either the

"low" (b)(2) category or the "high" (b)(2) category.  Schiller, 964 F.2d at 1207.  "Low" (b)(2)

information refers to internal procedures and practices of an agency, where disclosure would

constitute an administrative burden unjustified by any genuine and significant public benefit.

Martin v. Lauer, 686 F.2d 24, 34 (D.C. Cir. 1982).  "Low" (b)(2) information can be protected

only if the information qualifies as a personnel rule or internal practice of an agency or is

sufficiently related to such a rule or practice.  See Schwaner v. Dept. of the Air Force, 898 F.2d

793, 795 (D.C. Cir. 1990).  "High" (b)(2) information refers to documents whose disclosure

would risk circumvention of the law.  Crooker v. ATF, 670 F.2d 1051, 1075 (D.C. Cir. 1981).

This exemption encompasses protection for internal agency information the sensitivity of which

is readily recognized.  Hardy v. ATF, 631 F.2d 653, 657 (9th Cir. 1980) ("[L]aw enforcement

materials, disclosure of which may risk circumvention of agency regulation, are exempt from

disclosure" under Exemption 2).  The D.C. Circuit fashioned a two-part test for determining

which sensitive materials are exempt from mandatory disclosure under Exemption 2 which are,

(1) that a requested document be "predominantly internal," and (2) that its disclosure

"significantly risks circumvention of agency regulations or statutes." Crooker, 670 F.2d at 1073-

74. Whether there is any public interest in disclosure is legally irrelevant under this "anti-

circumvention" aspect of Exemption 2. See Voinche v. FBI, 940 F.Supp. 323, 328 (D.D.C.

1996). The concern under "High 2" is that a FOIA disclosure should not "benefit those

attempting to violate the law and avoid detection." Crooker, 670 F.2d at 1054.

The D. C. Circuit has made it clear that Exemption 2 allows the withholding of a great

variety of internal rules, procedures, and guidelines, and has set out specific steps for

determining the applicability of this exemption by providing:

> First the material withheld should fall within the terms of the
> statutory language as a personal rule or internal practice of the
> agency. Then, if the material relates to trivial administrative
> matters of no genuine public interest, exemption would be
> automatic under the statute. If withholding frustrates
> legitimate public interest, however, the material should be
> released unless the government can show that disclosure
> would risk circumvention of lawful agency regulations.

Founding Church of Scientology v. Smith, 721 F.2d 828, 830-31 (D.C. Cir. 1983). The "low"

(b)(2) exemption is based upon the rationale that the very task of processing and releasing some

requested records would place an administrative burden on the agency that would not be justified

by any genuine public benefit. See Martin, 686 F.2d at 34, (exemption 2 serves to relieve the

agency from the administrative burden of processing FOIA requests when internal matters are

not likely to be the subject of public interest).

The Inmate Telephone Monitoring Reports at issue in this case are internal documents

utilized for the BOP's practice of investigating illegal activities or suspected illegal activities being conducted, coordinated or directed from within a federal correctional institution. *[Exhibit #2, ¶15]*. Some of the information withheld in these documents under exemption 2 is simply trivial in nature and there is no genuine public benefit in releasing this information. *[Id.]*. However, the disclosure of these documents could provide inmates with sufficient information on how to circumvent the BOP's methods of detecting illegal or suspected illegal activities through the inmate telephone system. *[Id., ¶16]*. Thus, the withholding of these documents under both the "low" and "high" (b)(2) category is appropriate.

**3.     Exemption 5 U.S.C. § 552(b)(7)(c)**

The analysis for Exemption 7(c) is whether the "records or information" - in this case the Inmate Telephone Monitoring Reports were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). "Because the DOJ is an agency specializing in law enforcement, its claim of law enforcement purpose is entitled to deference." Center for Nat. Sec. Studies v. U.S. Dept. of Justice, 331 F.3d 918, 926 (D.C. Cir. 2003). To establish a law enforcement purpose, an agency must establish "(1) a rational nexus between the investigation and one of the agency's law enforcement duties; and (2) a connection between an individual or incident and a possible security risk or violation of federal law." Id.

Inmate telephone calls are randomly monitored by institution staff to detect activity which would impact the safety and security of the institution or pose a threat to the public. *[Exhibit #2, ¶17 ]*. Through telephone monitoring the BOP has been able to thwart an escape attempt and the introduction of drugs into a federal institution. See e.g. U.S. v. Horr, 963 F.2d 1124, 1125-26 (8th Cir. 1992)(thwarting escape attempt); U.S. v. Amen, 831 F.2d 373, 375 (2nd

10

Cir. 1987)(the evidence establishing a heroin enterprise run from a federal penitentiary consisted primarily of communications taped under the prison monitoring system); U.S. v. Paul, et al., 614 F.2d 115, 116-17 (4th Cir. 1980)(introduction of drugs into a federal prison). Clearly, the compiling of information related to the telephone conversations at issue in this case was rationally related to the BOP's law enforcement purpose of operating secure and orderly correctional institutions and protecting the public and targeting substantial security risks and potential violations of federal law present when an inmate has access to a telephone. The fact that such reports were used to convict Mr. Moore of criminal activity while in prison clearly illustrates this point.

The exemption provision under § 552(b)(7)(c), applies to records or information compiled for law enforcement purposes to the extent release of the information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(c). This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Computer Prof'ls for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996); Reporters Comm. for Freedom of the Press v. U.S. Dept. of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987). An agency in a FOIA case may categorically assert exemption (b)(7)(c) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

The Inmate Telephone Monitoring Reports contain notes of the recorded telephone

conversations, and implicate the privacy interest of at least one other person on each of the telephone calls. *[Exhibit #2, ¶18]*. The Courts have long recognized that individuals have a "strong interest," whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity. Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990); see also Neely v. FBI, 208 F.3d 461, 464-66 (4th Cir. 2000) (finding that FBI Special Agents and third-party suspects have "substantial interests in nondisclosure of their identities and their connection to a particular investigation"); Schiffer v. FBI, 78 F.3d 1405, 1410 (9th Cir. 1996) (stating that persons named in FBI files have "strong interest in not being associated unwarrantedly with alleged criminal activity"). The Courts have also recognized that, either expressly or implicitly, the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. Fitzgibbon, 911 F.2d at 767; see also Miller v. Bell, 661 F.2d 623, 631-32 (7th Cir. 1981) ("real potential for harassment"); Lesar v. United States Dep't of Justice, 636 F.2d 472, 488 (D.C. Cir. 1980) ("it is difficult if not impossible to anticipate all respects in which disclosure might damage reputation or lead to personal embarrassment and discomfort"). Accordingly, exemption § 552(b)(7)(c) has been regularly applied to withhold references to persons who are not targets of investigations and who were merely mentioned in law enforcement files. See SafeCard, 926 F.2d at 1206 (protecting names of third parties); Rugiero v. United States Dep't of Justice, 257 F.3d 534, 552 (6th Cir. 2001) (protecting identifying information about third parties).

The Government asserts that even if the recipients did know that their calls were subject to monitoring and recording, such knowledge does not translate into consent to release the information gathered from those recordings to the public. In the absence of any evidence that

the recipients knew that the calls were monitored and recorded, and that they have consented to the information gathered from those calls to be released, doing so would constitute a clearly unwarranted invasion of those individual's personal privacy.

There is simply no public interest in the Inmate Telephone Monitoring Reports at issue in this case. The District of Columbia Circuit has long held that the public interest contemplated by the FOIA is that of the general public, not a private litigant. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975). The law is clear in that a plaintiff's personal interest is entitled to no weight under the FOIA. Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002), judgment vacated *sub nom*, Oguaju v. U.S. Marshals Service, 541 U.S. 970 (2004), judgment reinstated, Ogauaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004). The FOIA was not intended to be an "administrative discovery statute for the benefit of private parties." Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981). Nor did Congress intend to make the Federal Government a "clearinghouse for personal information." U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 761 (1989). The sole public interest in the FOIA balancing inquiry is to shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to. U.S. Dep't of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 497 (1994).

In this case, Plaintiff's stated purpose for requesting the files is personal. Mr. Moore has consistently made clear that he is pursuing this litigation in hopes of obtaining evidence to mount a collateral attack on his conviction.[2] Mr. Moore's interest in mounting a collateral attack on his

---

[2]See Exhibit #6, "Now the undersigned requests these monitoring log reports to further research his case...as there is the great possibility that the content of the log report could exonerate this requestor."; See Exhibit #9, "due to the fact to allow these phone logs to be withheld from the requestor would deny him the right to a fair and impartial trial..".

criminal conviction does not create any cognizable public interest and cannot outweigh the strong interests in maintaining the privacy of any investigative records that may pertain to other individuals who were a party to his telephone conversations.  See Beck v. Dep't Of Justice, 997 F.2d 1489, 1494 (D.C. Cir. 1993).  In the absence of a public interest in the disclosure of the Inmate Telephone Monitoring Reports, any privacy interest will tilt the scale in favor of withholding the information, because as the D.C. Circuit has observed, "something outweighs nothing, every time." Nat'l Association of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).  Thus, the BOP has properly withheld the Inmate Telephone Monitoring Reports under § 552(b)(7)( c ).

### D.  **The Inmate Telephone Monitoring Reports Are Not Segregable**

A District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte."  Trans-Pacific Policing Agreement v. U.S. Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  Under FOIA, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., v. U.S. Dept. Of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  In this case, the Inmate Telephone Monitoring Reports were withheld in their entirety because the BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document or disclosing otherwise protected information.  *[Exhibit #2, ¶21].*  BOP has determined that such requested information is inextricably intertwined.   In this regard, the agency is not required to provide such a detailed justification that the exempt material would effectively be disclosed. Mead Data ,566 F. 2d. At

14

261.  Additionally, the Agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together or together have minimal or no information content." *See Id. at 261, n 55.*  In this case, a review of Ms. Christine Green's affidavit in total confirms that an evaluation of segregation was done and the requested information could not be reasonably segregated. *[See Ex #2, ¶21].*

     **E.**     **Defendant Has Not Waived It's Right To Withhold Documents Based On Prior Disclosures**

Mr. Moore asserts the BOP has essentially waived its right to withhold the Inmate Telephone Monitoring Reports for January 2003 through May 2003, because telephone monitoring reports from years 2000 - 2002 were disclosed and used during his criminal trial in 2004.  None of the reports used in Mr. Moore's criminal trial were obtained through the FOIA.  Rather these documents were obtained during the criminal trial discovery process.

As a general rule, the government may not rely on an otherwise valid exemption to justify withholding information that officially has entered the public domain.  Students Against Genocide v. Dep't of State, 257 F.3d 828, 836 (D.C. Cir. 2001) (noting that "for the public domain doctrine to apply, the specific information sought must have already been disclosed and preserved in a permanent public record).  To have been "officially" released, information generally must have been disclosed under circumstances in which an authoritative government official allowed the information to be made public.  See Frugone v. CIA, 169 F.3d 772, 774 (D.C. Cir. 1999).  In regard to a prior disclosure, courts have consistently held that the prior public disclosure must "match" the exempt information in question, or else the difference between the two might itself be a sufficient basis for reaching the conclusion that no waiver has occurred.  See Davis v. United States Dep't of Justice, 968 F.2d 1276, 1280 (D.C. Cir. 1992)

(finding no waiver as plaintiff failed to demonstrate that "exact portions" of records sought are in public domain); <u>Fitzgibbon v. CIA</u>, 911 F.2d 755, 766 (D.C. Cir. 1990) (finding no waiver when withheld information "pertains to a time period later than the date of the publicly documented information); <u>Hertzberg v. Veneman</u>, 273 F.Supp.2d 67, 81-82 (D.D.C. 2003) (holding that "selective" disclosure of some withheld material does not waive use of exemptions to protect similar, but undisclosed, information).

Based upon Mr. Moore's own statements, the only Inmate Telephone Monitoring Reports that were utilized during his criminal trial were for the years 2000-2002. In addition, the only reports disclosed were those that were testified about during the trial. Thus, the documents Mr. Moore seeks in this case are records not utilized at his trial, and pertain to a time period later than those used in his trial. In addition, Mr. Moore has not provided any evidence, nor can he, that the documents he seeks in this case "match" the documents disclosed during his criminal trial. The mere fact that some information may have been disclosed at a criminal trial does not result in waiver as to other information. See <u>Burge v. Eastburn</u>, 934 F.2d 577, 579 (5th Cir.1991) (finding that an individual who testifies at trial does not waive this privacy interest beyond the scope of the trial); <u>Coleman v. FBI</u>, 13 F.Supp.2d 75, 80 (D.D.C. 1998) (same). Similarly, disclosure of some telephone reports at trial does not constitute a waiver with respect to all future telephone reports that may be created. Thus, Mr. Moore's contention that the BOP has waived its right to withhold the requested records is without merit.

**CONCLUSION**

Plaintiff cannot establish any violation of the FOIA or the Privacy Act. Defendant properly withheld Plaintif's requested documents from release under 5 U.S.C. 552 (b)(2),

(b)(7)(c) and 5 U.S.C. 552a (j)(2).  WHEREFORE, Defendant respectfully submits that the

Court should enter judgment in favor of the defendant.

                                        Respectfully submitted,

                                        __/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        __/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                        _____/s/_____
                                        Raymond A. Martinez, Tx Bar No. 13144015
                                        Special Assistant United States Attorney
                                        555 Fourth Street, N.W., Room E4417
                                        Washington, D.C. 20530
                                        (202) 514-9150
                                        (202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Noah Moore, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 08–0223 (EGS) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Defendant submits this statement of material facts to which

there is no genuine issue:

1.  Plaintiff, Noah Moore, Register Number 24804-013, was sentenced on December 15,

1993, to a 235-month term of imprisonment by the United States District Court for the Eastern

District of Louisiana for Conspiracy to Possess With Intent to Distribute Cocaine and Aiding and

Abetting (See exhibit 1 Sentence Monitoring Computation Data)  .

2.  By letter dated February 8, 2007, the BOP acknowledged receipt of Mr. Moore's

request for telephone call monitoring reports for the year 2003; all statements made by certain

staff members; adverse filings against staff members which may be contained in their personnel

files; information regarding other inmate's plea agreements including investigations notes, and

interviews of witnesses. (See Exhibit # 2, Affidavit of Christine Green,¶4 & Exhibit 3, Letter of

February 8, 2007.

3.  The February 8, 2007, letter advised Plaintiff that the retrievable time period for

retrieving recordings of telephone conversations is 180 days; thus, conversations dating back

more than 180 days are no longer available. <u>See</u> Id.

4.  Plaintiff was also advised that conversations between parties are exempt from release under § 552 (b)(7) (c), and personal information on staff cannot be released without the staff's written permission. <u>See</u> Id.

5.  By letter dated February 27, 2007, Mr. Moore acknowledged receiving BOP's February 8, 2007 letter and stated he understood he could no longer get actual telephone conversations but wanted a copy of the phone monitoring logs from January 2003 through September 2003. (<u>See</u> exhibit 2 ¶5 & <u>See</u> Exhibit 4, Letter of February 27, 2007).

6. By Letter dated March 15, 2007, the BOP acknowledged receipt of Mr. Moore's request for telephone logs from January 2003 through September 2003.  Mr. Moore was informed that logs only existed for the time period of January through May 2003.  However the logs located were being withheld in their entirety under 5 U.S.C. § 552 (b) (5), (b)(7)(c), and (b) (2). (<u>See</u> Exhibit 2 ¶6 & Exhibit 5, Letter of March 15, 2007.)

7..  By letter dated April 27, 2007, Plaintiff filed an appeal of the withheld documents to the United States Department of Justice, Office of Information and Privacy (OIP).  In his appeal, Plaintiff claimed that the telephone monitoring logs for 2000, 2001, and 2002 were used against him during a criminal trial held May 17-20, 2004.  Plaintiff also claimed various BOP staff testified about the phone monitoring logs which helped the Government convict him.  Plaintiff asserted he was entitled to the logs because there was a great possibility that the logs contained information that could exonerate him (<u>See</u> exhibit 2 ¶7 & Exhibit 6, Letter of April 27, 2007).

8.  By letter dated May 18, 2007, OIP acknowledged receiving Mr. Moore's appeal.  On June 23, 2007, OIP responded to Plaintiff's appeal and indicated the logs were exempt from

2

Privacy Act provisions pursuant to 5 USC § 552a (j)(2).  The OIP also indicated the BOP properly withheld the logs in their entirety under FOIA exemptions § 552 (b)(2) and 552 (b)(7)(c).  (See Exhibit 2 ¶9 & See Exhibit 8, Letter of June 23, 2007).

9. By letter dated July 18, 2007,  Plaintiff  filed a request for reconsideration with OIP. In his letter for reconsideration, Plaintiff asserted that §552 (b)(2) was inapplicable because this was a trial matter.  Plaintiff also asserted that § 552(b) (7) (c) was inapplicable because the telephone monitoring logs had been testified to at trial by government witnesses.   On August 3, 2007, OIP responded to Mr. Moore's request for reconsideration and indicated the original decision was appropriate. (See Exhibit 2, ¶10 & Exhibit 9, Letter of July 18, 2007).

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
Raymond A. Martinez TX. BAR # 13144015
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4417
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14TH day of April, 2008, I caused the foregoing

3

Defendant's Motion for Summary Judgment, Defendant's Memorandum in Support of its Motion

for Summary Judgment, and Defendant's Statement of Material Facts Not in Dispute, to be

served on Plaintiff, pro se, by first-class mail, postage prepaid, addressed as follows:

        Noah Moore
        R 22786-018
        Loretto Federal Correctional Institution
        Inmate Mail/Parcels
        P.O. Box 1000
        Loretto, PA 15940

                  __/s/_____
                  Raymond A. Martinez TX BAR #13144015
                  Special Assistant United States Attorney
                  Judiciary Center Building
                  555 Fourth Street, N.W., Room E4415
                  Washington, D.C. 20530
                  (202) 514-9150
                  (202) 514-8780 (facsimile)

# DEFENDANT'S EXHIBIT

# #1

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)

```
EDGBV  540*23 *              SENTENCE MONITORING          *     02-29-2008
PAGE 001          *           COMPUTATION DATA           *     09:30:59
                              AS OF 02-29-2008
```

REGNO..: 24804-013 NAME: MOORE, NOAH JR

```
                                            DATE OF BIRTH:
FBI NO......... .:
ARS1..............: ELK/A-DES                QUARTERS.....: F04-061L
UNIT..............: UNIT F                   NOTIFICATIONS: NO
DETAINERS........: NO
```

PRE-RELEASE PREPARATION DATE: 09-06-2023

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-06-2024 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: LOUISIANA, EASTERN DISTRICT
DOCKET NUMBER...................: 92-469 "D"
JUDGE...........................: MCNAMARA
DATE SENTENCED/PROBATION IMPOSED: 12-15-1993
DATE COMMITTED..................: 01-26-1994
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS   FINES           COSTS
                                                                  $00.00
NON-COMMITTED.: $50.00            $00.00           $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT:  $00.00
```

-----------------------CURRENT OBLIGATION NO: 010 ----------------------------

```
OFFENSE CODE....: 391
OFF/CHG: CT 1, 21:846 & 18:2-- CONSPIRACY TO PWITD AND DISTRIBUTE
         COCAINE. AIDING AND ABETTING.

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: 235 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 DATE OF OFFENSE................: 08-09-1992
```

G0002        MORE PAGES TO FOLLOW . . .

```
  EDGBV  540*23 *           SENTENCE MONITORING        *    02-29-2008
PAGE 002            *         COMPUTATION DATA          *    09:30:59
                             AS OF 02-29-2008

REGNO..: 24804-013 NAME: MOORE, NOAH JR


-----------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-22-1997 AT MAN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-15-1993
TOTAL TERM IN EFFECT............:   235 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    19 YEARS        7 MONTHS
EARLIEST DATE OF OFFENSE........: 08-09-1992

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     08-09-1992      12-14-1993

TOTAL PRIOR CREDIT TIME.........: 493
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 921
TOTAL GCT EARNED................: 810
STATUTORY RELEASE DATE PROJECTED: 08-30-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-08-2012


PROJECTED SATISFACTION DATE.....: 08-30-2009
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: COMPUTATION RECOMPUTED 8/22/97 TO REFLECT COURT ORDER AMENDING
                JUDGEMENT VACATING COUNT 2 OF THE INDICTMENT(60 MOS). $50.00
                SPECIAL ASSESSMENT FOR COUNT 22 IS ALSO VACATED. NEW TERM IN
                EFFECT IS 235 MONTHS.
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
EDGBV  540*23 *           SENTENCE MONITORING          *    02-29-2008
PAGE 003           *       COMPUTATION DATA            *    09:30:59
                           AS OF 02-29-2008

REGNO..: 24804-013 NAME: MOORE, NOAH JR


FBI NO...........:   .              DATE OF BIRTH:
ARS1.............: ELK/A-DES
UNIT.............: UNIT F           QUARTERS.....: F04-061L
DETAINERS........: NO               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-06-2023

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-06-2024 VIA GCT REL

--------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: LOUISIANA, EASTERN DISTRICT
DOCKET NUMBER...................: 03-282"I"
JUDGE...........................: AFRICK
DATE SENTENCED/PROBATION IMPOSED: 10-06-2004
DATE COMMITTED..................: 12-16-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES            COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00           $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO         AMOUNT:  $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:846 CONSPIRING TO DISTRIBUTE AND POSSESS WITH INTENT TO
         DISTRIBUTE MORE THAN 100 GRAMS OF HEROIN,A SCHEDULE I DRUG
         CONTROLLED SUBSTANCE

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  200 MONTHS
 TERM OF SUPERVISION............:    8 YEARS
 DATE OF OFFENSE................: 09-09-2003




 G0002        MORE PAGES TO FOLLOW . . .
```

```
   EDGBV   540*23 *            SENTENCE MONITORING           *    02-29-2008
PAGE 004 OF 004 *              COMPUTATION DATA              *    09:30:59
                              AS OF 02-29-2008

REGNO..: 24804-013 NAME: MOORE, NOAH JR


-----------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-29-2005 AT ELK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 08-30-2009
TOTAL TERM IN EFFECT............:   200 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    16 YEARS      8 MONTHS
EARLIEST DATE OF OFFENSE........: 09-09-2003

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 784
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 03-06-2024
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-29-2026


PROJECTED SATISFACTION DATE.....: 03-06-2024
PROJECTED SATISFACTION METHOD...: GCT REL
                COMPUTATION 020 IS CONSECUTIVE TO COMPUTATION 010
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# DEFENDANT'S EXHIBIT

# #2

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOAH MOORE, #24804-013** | ) **C/A No. 1:08-CV-00223-EGS** |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Defendant(s)** | ) |
| | ) |

## AFFIDAVIT OF CHRISTINE GREENE

I, Christine Greene do hereby affirm that, if called upon to testify, I would state as follows:

1.     I am presently employed as a Paralegal Specialist for the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), Federal Correctional Complex (FCC) Coleman, Florida.

2.     Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the BOP. In furtherance of my responsibilities, I am familiar with the policies and procedures for processing requests submitted under the Freedom of Information (FOIA) and Privacy Act.

3.     Prior to executing this affidavit, I reviewed the relevant BOP records of Plaintiff Noah Moore, Register Number 24804-013, who is currently incarcerated at the Federal Correctional Institution (FCI) Elkton, Ohio. In addition, I was responsible for processing FOIA Request Number 2007-02989, filed by Mr. Moore.

### CHRONOLOGY OF FOIA REQUEST NO. 2007-02989

4.     By letter dated February 8, 2007, the BOP sent a letter to Mr. Moore

acknowledging receipt of his FOIA request. In his correspondence Mr. Moore requested copies of telephone call monitoring reports for the year 2003, all statements made by certain staff members; adverse filings against staff members which may be contained in their personnel files; information regarding other inmate's plea agreements including investigation notes, and interviews of witnesses. In this letter, Mr. Moore was advised that the retrievable time period for retrieving recordings of telephone conversations is 180 days; thus, conversations dating back more than 180 days were no longer available. Mr. Moore was also advised conversations between parties are exempt from release under 552(b)(7)(C), and personal information on staff cannot be released without the staff's written permission.

     5.     By letter dated February 27, 2007, Mr. Moore acknowledge receiving the BOP's letter and stated he understood he could no longer get actual telephone conversations but wanted a copy of the phone monitoring logs from January 2003 through September 2003.

     6.     By letter dated March 15, 2007, the BOP acknowledging receipt of Mr. Moore's request for telephone monitoring logs from January 2003 through September 2003. Mr. Moore was informed a research of BOP records revealed a total of 66 logs only existed for the time period of January through May 2003. However, the logs located were being withheld in there entirety under FOIA Exemptions 5 U.S.C. §§§ 552(b)(5); (b)(7)(C); and (b)(2).

     7.     By letter dated April 27, 2007, Mr. Moore filed an appeal of the withheld documents to the United States Department of Justice, Office of Information and Privacy (OIP). In this appeal, Mr. Moore claimed that during his May 17-20, 2004, criminal trial, telephone monitoring logs for 2000, 2001, and 2002 were used at the trial. Mr. Moore also claimed various

BOP staff testified about the phone monitoring logs which helped the Government convict him.
Mr. Moore asserted he was entitled to the logs because there was a great possibility that the logs
contained information that could exonerate him.

8.      By letter dated May 18, 2007, the OIP acknowledged receiving Mr. Moore's
appeal.

9.      By letter dated June 23, 2007, OIP responded to Mr. Moore's appeal and indicated
the logs are exempt from Privacy Act provision 5 USC § 552a(j)(2). The OIP also indicated the
BOP properly withheld the logs in there entirety under FOIA exemptions § 552(b)(2) and
§ 552(b)(7)(C).

10.     By letter dated July 18, 2007, Mr. Moore filed a letter of reconsideration to the
OIP on their decision. In his letter for reconsideration, Mr. Moore asserted that § 552(b)(2) was
inapplicable because this was a trial matter. Mr. Moore also asserted § 552(b)(7)(C) was
inapplicable because the telephone monitoring logs had been testified to at trial by government
witnesses.

11.     By letter dated August 3, 2007, OIP responded to Mr. Moore's request for
reconsideration and indicated the original decision was appropriate.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

12.     The BOP process all requests by individuals for records pertaining to themselves
under both the FOIA and Privacy Act in order to provide the requester the maximum disclosure
authorized by law. The Attorney General has promulgated rules exempting these records from
the Privacy Act's access provisions as authorized by 5 U.S.C. § 552a(j)(2), which is codified at

28 C.F.R. § 16.97 (2007). Subsection (j)(2) exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws.

13.     The BOP, as the steward of the federal penal system, is responsible under 18 U.S.C. § 4042 for carrying out the final phase of the law enforcement purpose. Pursuant to their dual mission to protect both inmates and society, the BOP employees perform inherent law enforcement functions. The records systems maintained by the BOP are critical to the effective performance of the law enforcement mission. All of the responsive records at issue in Mr. Moore's request are exempt from disclosure under the Privacy Act, pursuant to 5 U.S.C. § 552a(j)(2), and were therefore processed under the FOIA.

JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
EXEMPTIONS 5 U.S.C. § 552 (b)(2) and § (b)(7)(C)

14.     Exemption (b)(2) of the FOIA protects from mandatory disclosure those documents which "relate solely to the internal personnel rules and practices of an agency." Exemption "high" (b)(2) of the FOIA protects from disclosure internal matters of a far more substantial nature, the disclosure of which, would risk the circumvention of a legal requirement.

15.     The Inmate Telephone Monitoring Reports were withheld in their entirety, in part, under both the "low" and "high" (b)(2) exemption. The Reports are internal documents utilized for the internal practice of investigating illegal activities or suspected illegal activities being conducted, coordinated or directed from within a federal correctional institution. The information withheld under this exemption, which is trivial in nature producing no public benefit

in it's release, includes dates, times, and identification of telephone used in the institution.

16.    Disclosure of these documents could allow Mr. Moore or other inmates to utilize this information to circumvent the BOP's efforts to detect illegal or suspected illegal activities through the inmate telephone system.

17.    To invoke Exemption (b)(7), the BOP must be able to demonstrate that records were compiled for law enforcement purposes. In this case, the records at issue were compiled for law enforcement purposes during the course of the BOP's performance of its law enforcement function of protecting inmates, staff and the community by detecting illegal or suspected illegal activities through the inmate telephone system. Inmate telephone calls are randomly monitored by institution staff to detect activity which would impact the safety and security of the institution or pose a threat to the public.

18.    Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. The information withheld under this exemption consists of: telephone number called, name or identifying characteristic of the person called, names mentioned during the call, written comments on contents of the telephone conversation, and name of official who monitored the call.

19.    In deciding to withhold this material, the privacy interests of these individuals were balanced against the public interest in the information. I determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the BOP. I also concluded that a substantial

Page 5 of 7

privacy interest existed in information about individuals, in this case those private citizens called

by Mr. Moore, that is maintained in a federal law enforcement file.  In particular, private citizens

could be subjected to undue publicity or harassment for being named in a federal law

enforcement record.  The only interest I could surmise that would be served by releasing these

documents would be Mr. Moore's personal interest.  Mr. Moore's stated purpose for these

records was that he was pursuing litigation in hopes of obtaining evidence to mount a collateral

attack on his conviction.

## CONCLUSION

20.    Each step in the handling of Mr. Moore's request has been entirely consistent with

the BOP and Department of Justice procedures which were adopted to insure equitable responses

to all persons seeking access to records under the FOIA/Privacy Act.

21.    In addition, I evaluated each record for segregability during the administrative

process.  The documents were withheld in their entirety because I determined that by applying

the appropriate exemptions, no meaningful portion of the documents could be released without

destroying the integrity of such document as a whole or would disclose otherwise protected

information.

**AFFIDAVIT OF CHRISTINE GREENE**
C/A No. 1:08-CV-00223-EGS (D.D.C.)

I, Christine Greene, affirm under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of March, 2008, in Coleman, Florida.

_____
Christine Greene
Paralegal Specialist

Sworn to before me, this _____

day of _____, 20____.

_____
Notary Public for Florida

My Commission Expires:_____

**AFFIDAVIT OF CHRISTINE GREENE**
C/A No. 1:08-CV-00223-EGS (D.D.C.)

I, Christine Greene, affirm under penalty of perjury that the foregoing is true and correct.

Executed this _21_ day of March, 2008, in Coleman, Florida.

_Christine Greene_
Christine Greene
Paralegal Specialist

Sworn to before me, this _21st_

day of _March_ , 20_08_

_Loretta Ellis_
Notary Public for Florida

My Commission Expires: _____

NOTARY PUBLIC-STATE OF FLORIDA
Loretta Ellis
Commission # DD465008
Expires: AUG. 23, 2009
Bonded Thru Atlantic Bonding Co., Inc.

Page 7 of 7

# DEFENDANT'S EXHIBIT

# #3

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)



**U. S. Department of Justice**

**Federal Bureau of Prisons**

**Southeast Regional Office**

_Bldg 200_
_3800 Camp Creek Parkway, SW_
_Atlanta, GA 30331-6226_

February 8, 2007

Noah Moore
Reg. No. 24804-013
FCI Elkton
PO Box 10
Lisbon, OH 44432

Re: Freedom of Information/Privacy Act Request No. 07-02989

Dear Mr. Moore:

This is in response to your request regarding a copy of all telephone call monitoring reports for the year 2003; all statements made by certain staff members; adverse filings against staff members which may be contained in their personnel files; information regarding other inmate's plea agreements including investigative notes, and interviews of witnesses.

Please be advised that the retrievable time period for retrieving recordings of telephone conversations is 180 days. Therefore, telephone conversations dating back more than 180 days are no longer available. Please also be advised that no conversations between parties are releasable pursuant to Title 5, United States Code, Section 552(b)(7)(C), which exempts from disclosure records or information compiled for law enforcement purposes which would constitute an unwarranted invasion of personal privacy surrounding other individuals, and as such, any and all conversations can be withheld.

You are also requesting personal information regarding two staff members and three other individuals. If you can obtain a written consent from the other parties indicating that they do not object to the release of this information to you, we will request the information and consider release determination. The signature of the other parties must be either witnessed, notarized or signed under penalty of perjury.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this denial may be appealed to the Attorney General by filing a written appeal within (60) sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Jeff Campbell
Supervisory Attorney

# DEFENDANT'S EXHIBIT

# #4

# Moore v. United States
# C/A No.: 1:08-cv-00223 (D.D.C.)

F.O.I. A. no 07-02989                    2/27/07

Dear Mr. Campbell,

    I've received your F.O.I. A. response
to my request. I understand that
I can no longer retrieve the
actual telephone conversations, but
I would like a copy of the phone
monitoring logs from Jan. 2003 up
until Sept. 2003. I made a
similar request in 2003 or 2004
and got a response in 2005. I
had a money order sent, that
obviously you all never received.
Therefore, I'm simply refiling
because I never heard from you
once I inquired about the
money order payment. See the 2005
response from FDA. Please notify
me as to whether I can retrieve
the phone monitoring logs.

07 02989

Thank you
Noah Tibby

# DEFENDANT'S EXHIBIT

# #5

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)



**U. S. Department of Justice**

Federal Bureau of Prisons

Southeast Regional Office

*Bldg 200*
*3800 Camp Creek Parkway, SW*
*Atlanta, GA 30331-6226*

March 15, 2007

Noah Moore
Reg. No. 24804-013
FCI Elkton
PO Box 10
Lisbon, OH 44432

Re: Your Information Request No. 07-02989

Dear Mr. Moore:

This is response to your request for records which are maintained by the Bureau of Prisons. Specifically, you request to be provided with the telephone monitoring logs from January 2003 through September 2003.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The documents have been reviewed and processed at this office. The only telephone monitoring logs available are those from January through May 2003. Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), wherein the records are being withheld in from disclosure to you under the following exemptions:

**- (b)(5) - Exempts inter- or intra-agency correspondence which would not be available to a party other than a party in litigation with the agency**

**- (b)(7)(c) - Exempts from disclosure records or information compiled for law enforcement purposes which would constitute a clearly unwarranted invasion of personal privacy surrounding other individuals.**

**- (b)(2) - Exempts from mandatory disclosure records relating to the internal rules and practices of an agency.**

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied may be appealed to the Assistant Attorney General, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530.

Sincerely,

Jeff Campbell
Supervisory Attorney
PO Box 1029
Coleman, FL 33521

# DEFENDANT'S EXHIBIT

# #6

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)

07-1442

7OIA
(A)
BOP

APPEAL OF FREEDOM OF INFORMATION ACT

FREEDOM OF INFORMATION ACT APPEAL
OFFICE OF INFORMATION AND PRIVACY
U.S. DEPARTMENT OF JUSTICE
1425 NEW YORK AVENUE, N.W., SUITE 11050
WASHINGTON, D.C. 20530

Case No.#  07-02989

This is an appeal to the denial of information requested by this undersigned. The request was for telephone call monitoring log reports (policy statement 1380.05) from January 2003 to May 2003. During the trial of Noah Moore (the undersigned) that took place on May 17, 2004 and continued through May 20, 2004, at case number 02-282, telephone monitoring logs from previous years of 2000 to 2001 and 2002 were used against the undersigned at the trial. Various Bureau of Prisons correctional officers testified about the phone monitoring log reports which helped the government convict the undersigned. Now the undersigned requests these monitoring log reports to further research his case, and under Title 5, U.S.C., 552(F)(b)(7(B), this requester is entitled to the information, as there is the great possibility that the content of the log report could exenorate this requester.

Accordingly, this undersigned respectfully request that the earlier denial of the production of this record be reversed, and the requested information be promptly supplied.

Respectfully Submitted:
Noah Moore
Noah Moore, Pro Se
Appellant

Dated: 27 Day of ___ April , 2007.

**RECEIVED**

MAY - 9 2007

Office of information and Privacy

# DEFENDANT'S EXHIBIT

# #7

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY 1 8 2007**

Mr. Noah Moore
Register No. 24804-013
Federal Correctional Institution
P.O. Box 10
Lisbon, OH  44432

# RECEIVED

MAY 2 9 2007

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Re:  Request No. 07-02989

Dear Mr. Moore:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on May 9, 2007.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1442**.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

# DEFENDANT'S EXHIBIT

# #8

# Moore v. United States
# C/A No.: 1:08-cv-00223 (D.D.C.)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                   *Washington, D.C. 20530*

JUN 2 5 2007

Mr. Noah Moore
Register No. 24804-013
Federal Correctional Institution          Re:   Appeal No. 07-1442
Post Office Box 10                              Request No. 07-02989
Lisbon, OH  44432                               JTR:SJV

Dear Mr. Moore:

You appealed from the action of the Southeast Regional Office of the Federal Bureau of Prisons (BOP) on your request for access to copies of telephone monitoring logs for the time period of January 2003 through September 2003.

After carefully considering your appeal, I am affirming, on partly modified grounds, BOP's action on your request. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.97 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

BOP properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices; and

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

BOP|SERO

# DEFENDANT'S EXHIBIT

# #9

# <u>Moore v. United States</u>
# C/A No.: 1:08-cv-00223 (D.D.C.)

FROM BETA                              (WED) 2.20'08 19:04/ST. 18:53/NO. 4861391059 P 43

Case 1:08-cv-00223-EGS    Document 1-2    Filed 02/11/2008    Page 37 of 44

FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432                                           July 18, 2007

Freedom of Information Act Appeal
Office of Information and Privacy
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530

Reconsideration of the Denial of the Appeal of
Freedom of Information Request Made Sub Judice

Case No. 07-02989
Appeal No. 07-1642

This is a request for reconsideration of your June 25, 2007 denial of my appeal of
the Freedom of Information Request. The request was for telephone call monitoring log
reports (Policy Statement 1380.05) from January 2003 to May 2003 up to September 2003.
Prior to the requester's criminal trial that took place on May 17, 2004, through May 20,
2004(Case No. 03-282), telephone monitoring logs were turned over to the requester,
e.g., logs from 2000 to 2002, see Exh. A-1, A-2, A-3 and A-4, as attached herewith.
Therefore, under Title 5 U.S.C., §552(b)(2), which concerns matters that are related
solely to internal Agency practices, is inapplicable once it became a trial matter.
Also, 5 U.S.C., §552(b)(7)(C), which concerns record or information compiled for law
enforcement purposes, the release of which could reasonably be expected to constitute
an unwarranted invasion of the personal privacy of a third party, is inapplicable once
the phone monitoring logs has been testified to at trial by the government witnesses.
See Exh. A-5 and A-6, as attached. The personal privacy of the third party is of no
substance when the documents in question was used to aid the government to obtain a
conviction, which resulted in a sentence of sixteen years of imprisonment for this
requester. Title 5 U.S.C., §552(b)(7)(B) overides the aforementioned exempted sub-
sections due to the fact that to allow these phone logs to be withheld from the requester
would deny him the right to a fair and impartial trial in violation of his Fifth and
Sixth Amendment of the constitution, a reason why Congress enacted §552(b)(7)(B) as
a buffer to prevent such injustice which could arise when a requester is denied
exculpatory phone monitoring logs.

Accordingly, this requester respectfully prays that you reconsider your June 25, 2007
denial in the light of the fact that the same telephone motinoring logs which were
being exempted had already been partly previously been provided to this requester during
his trial.

                                        Respectfully Submitted:
                                        Noah Moore
                                        Noah Moore
                                        Appellant-Pro Se