UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOAH MOORE,                *

    Plaintiff,         *

    -vs-               *   Civil Action No. 1:08-cv-0223(EGS)

UNITED STATES OF AMERICA,  *

    Defendant.         *

PLAINTIFF'S OPPOSITION TO
THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

While Rule 56(c) of the Federal Rules of Civil Procedure allows summary judgment where there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," See Termorio S.A.E.S.P. v. Electranta S.P., 348 F.3d 1033, 1041 (D.C. Cir. 2003), but such a motion is reviewed in the light most favorable to the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986). Plaintiff, of course, is the non-moving party here. Therefore, the review of this motion should be shifted in the light most favorable to him. Moreover, this Court must review his filings under the less stringent standard of Haine v. Kerner, 404 U.S. 519(1972) to read his complaint in the most generous light and accord relief if it can be gleaned at all from all the record and arguments.

As an initial matter, it should be noted that substituting the United States of America for the Bureau of Prisons as the defendant would not destroy this Court's jurisdiction, and as such should be met with no objection from this Plaintiff.

The defendant submitted an affidavit stating there are no disputes in this case, yet it stated that the "[d]efendant has not improperly

-1-

withheld records," in this case. See Defendant's Motion, @ 5. This alone creates a genuine issue of material dispute requiring that the motion for summary judgment be denied in favor of resolving the dispute in a judicious fashion. The defendant had conceded earlier in one of its communications to plaintiff that "the documents [plaintiff wants] were being **withheld** in their entirety under FOIA exemptions §§552(b)(5); (b)(7); and (b)(2)." See Id., @ 5-6. And now, it shifts positions by stating that there was no withholding of any documents.

It is plaintiff's position that the withholding of the documents requested is improper contrary to the defendant's assertion, because those documents could not be exempted where they had already been released in part at plaintiff's trial, not because any part of the documents was filtered out of the main bunch, but because the documents were simply discoverable. The government cannot be allowed to avoid its trial discovery obligations by simply hiding under the auspices of the exemption provisions of the statute where ordinarily there was no bar to the discovery of such documents. Accordingly, this glaring dispute bars the summary judgment motion the defendant wished granted.

The defendant further claims that the BOP properly invoked Privacy Act Exemption (j)(2). But when this Court reviews the authority the BOP relied upon, it would become clear that the documents plaintiff seeks to obtain are not part of what the BOP claims are exempted. The defendant quotes:

> This system of records is maintained to manage financial records relating to inmate calls and to ensure that inmates exercise their telephone privileges in a manner consistent with correctional goals. The related uses for which BOP will maintain the system include (1) accounting of inmate funds for telephone use; (2) maintaining inmate telephone lists; (3) monitoring of inmate telephone activity; and (4) conducting investigations, e.g. investigations of inmate funds as

>            related to telephone usage, and/or illegal activities or suspected
>            illegal activities being conducted, coordinated or directed from
>            within a Federal correctional institution. 60 Fed.Reg. 19,958(1995).

The defendant argues that Section (j)(2) of the Privacy Act allows an agency to exempt from mandatory disclosure certain systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals." Id., @ 7. While this is true, plaintiff fails to see how his request for mere telephone logs has anything to do with "(1) the accounting of inmate funds for telephone use, (2) maintaining of inmate telephone lists, (3)monitoring of inmate telephone activity; and (4) conducting of investigations, e.g., investigations of inmate funds as related to telephone usage, and/or illegal activities or suspected illegal activities being conducted, coordinated or directed from within a Federal correctional institution," all of the above being the things covered in the relied-upon exemption of the statute.

All of the exemptions sections of the statute basically cover similar documents which are clearly outside the ambit of what plaintiff is seeking. Accordingly, all the exemption arguments advanced by the defendant are clear meritless if not simply a ruse to clutter the matter, and should be rejected <u>in</u> <u>toto</u>.

The segregability of the inmate telephone monitoring reports is not even an issue because plaintiff does not request them. Instead plaintiff requests to see the telephone logs, of which a great sum of them had already been disclosed during plaintiff's trial.

To tell the full story, plaintiff requested the rest of the telephone logs, similar to the ones that had already been disclosed at his trial. The defendant argues that even though plaintiff had already received some of the documents requested herein, that somehow the BOP has not waived any assumed exemption. It cites <u>Fitzgibbon v. CIA</u>, 911 F.2d 755, 766(D.C.Cir. 1990) for the proposition that no waiver was found when withheld information "pertains to a time period later than the date of the publicly documented information." Here, however, the telephone logs requested are not beyond the time period of the events which lead to the logs that had already been disclosed. As such, <u>Fitzgibbon</u> is inapposite. Accordingly, the defendant's argument here fails, warranting a denial of its motion for summary judgment.

To the extent that it is possible, this Court could conduct an in camera review of the documents plaintiff requests in comparison with the ones he already received at trial, to conclude whether there is anything exemptable all of a sudden from something that had once been disclosed in the case.

Wherefore, plaintiff respectfully moves this Honorable Court to deny the defendant's motion summary judgment and grant appropriate relief.

Respectfully Submitted:

*Noah Moore*
Noah Moore, Pro Se
Plaintiff

-4-

## AFFIDAVIT OF NOAH MOORE

Noah Moore, swearing under penalty of perjury pursuant to Title 28 U.S.C., §1746, hereby states:

1. The BOP having first disclosed a greater portion of the inmate telephone log which I now request a full disclosure, is improperly withholding the documents from me against the Privacy Act.

2. The type of documents I am requesting are in no way similar to the types the statutes listed to be exempted from disclosure, and as such, should be supplied to me.

3. The inmate telephone logs that I am requesting are not outside the time period of the ones that the BOP had already disclosed to me.

4. I therefore believe that there are still issues of material dispute remaining in this case to effectively preclude a summary judgment.

*[signature]*
Noah Moore
Declarant

Dated: __14__ day of __May__, 2008

## Certificate of Service

I certify that a true and correct copy of the within Reply to the Defendant's Motion for Summary Judgment has been sent to the following:

Raymond A. Martinez, AUSA
Judicial Center Building
555 fourth Street, N.W., Room E4415
Washington, D.C. 20530

                                                Respectfully Submitted:

                                                /s/ Noah Moore
                                                Noah Moore, Pro Se
                                                Plaintiff

Dated: 14th day of May, 2008.