UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOAH MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 1:08-cv-0223(EGS)<br><br>ECF |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, U.S. Department of Justice Federal Bureau of Prisons (BOP), by and through undersigned counsel, hereby replies to Plaintiff's Opposition to Defendant's Motion For Summary Judgment and moves this Court to enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law.

**I.  INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA request by Defendant. Defendant filed a Motion For Summary Judgment on April 14, 2008 requesting this Court to enter summary judgment in favor of Defendant. (See Ct. Doc.8).  In that motion, Defendant has demonstrated that it had properly withheld documents from Plaintiff under Privacy Act Exemption (j)(2);FOIA exemption §552(b)(2) and 552(b)(7)(c) Plaintiff filed his reply to Defendant's motion on May 19, 2008. (See Ct. Doc.10).   In his reply

Plaintiff argues that the requested documents he seeks are not exempt because they have already been released in part at trial and are discoverable. Plaintiff also argues that he fails to see how his request for telephone logs falls within the (j)(2) exemption of the Privacy Act and that all the exemption arguments advanced by the Defendant are without merit. Plaintiff then requests an in camera inspection. However contrary to Plaintiff's assertions as to the non-applicability of exemptions (b)(2), (b)(7) and Privacy act exemption (j) (2) to his request, the Defendant properly withheld the requested documents under those exemptions. Furthermore, the requested documents have not been previously released at trial nor has Plaintiff demonstrated that the requested documents match what was released at trial. Additionally, Plaintiff's request for an in camera inspection is inappropriate because Defendant has met its burden of proof through sufficiently detailed affidavits.

### A.   Defendant Has Not Improperly Withheld Records Under Privacy Act Exemption (j)(2)

Plaintiff argues in his opposition to Defendant's Motion for summary judgment that he fails to see how his request for telephone logs can be exempt under 5 U.S.C. § 552a(j)(2). (See Ct. Doc.10, pg.3, Plaintiff's Reply to Defendant's Motion for Summary Judgment). However, notwithstanding Plaintiff's professed failure to understand the applicability of this exemption, BOP properly invoked (j)(2) to exempt Plaintiff's request for telephone logs. Section (j)(2) of the Privacy Act allows an agency to exempt from mandatory disclosure certain systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . . ." 5 U.S.C. § 552a(j)(2). The Inmate

Telephone Monitoring Reports at issue in this matter are internal documents utilized for an internal practice of investigating illegal activities or suspected illegal activities being conducted, coordinated or directed from within a federal correctional institution. The BOP, as the steward of the Federal Penal system, is responsible under 18 U.S.C. §4042 for carrying out the final phase of the law enforcement function. Pursuant to the Privacy Act, 552a(j)(2), the BOP has appropriately exempted this system of records from the access provisions of the Privacy Act, 28 C.F.R. 16.97(e) & (f). Accordingly, the Reports at issue are exempt from disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(j)(2), in conjunction with 28 C.F.R. § 16.97 (2007).

      **B.**      <u>**Defendant Properly Invoked Exemption 5 U.S.C. § 552(b)(2) & (b)(7)(c)**</u>

Plaintiff additionally argues that "all the exemption arguments advanced by the Defendant are merit less if not simply a ruse to clutter the matter, and should be rejected in toto." (See Ct. Doc. 10, pg. 3 ¶2, Plaintiff's Opposition to Defendant's Motion). Plaintiff's argument is without merit. The additional exemptions advanced by defendant are 5 U.S.C. §552(b)(2) and (b)(7)(c). BOP properly invoked both of these exemptions in its determination not to disclose the telephone logs requested by the Plaintiff. Under 5 U.S.C. § 552(b)(2) (hereinafter "FOIA Exemption 2"), the Government is not required to disclose records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The Inmate Telephone Monitoring Reports at issue in this case are internal documents utilized for the BOP's practice of investigating illegal activities or suspected illegal activities being conducted, coordinated or directed from within a federal correctional institution. The disclosure of these documents could provide inmates with sufficient information on how to circumvent the BOP's methods of detecting illegal or suspected illegal activities through the inmate telephone system. Thus, the

withholding of these documents is not, as Plaintiff asserts, meritless

Additionally, the analysis for Exemption 7(c) is whether the "records or information" - in this case the Inmate Telephone Monitoring Reports were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Inmate telephone calls are randomly monitored by institution staff to detect activity which would impact the safety and security of the institution or pose a threat to the public. Through telephone monitoring the BOP has been able to thwart an escape attempt and the introduction of drugs into a federal institution. See e.g., U.S. v. Horr, 963 F.2d 1124, 1125-26 (8th Cir. 1992)(thwarting escape attempt); U.S. v. Amen, 831 F.2d 373, 375 (2nd Cir. 1987)(the evidence establishing a heroin enterprise run from a federal penitentiary consisted primarily of communications taped under the prison monitoring system); U.S. v. Paul, et al., 614 F.2d 115, 116-17 (4th Cir. 1980)(introduction of drugs into a federal prison). The compiling of information related to the telephone conversations at issue in this case was rationally related to the BOP's law enforcement purpose of operating secure and orderly correctional institutions and protecting the public and targeting substantial security risks and potential violations of federal law present when an inmate has access to a telephone.

The exemption provision under § 552(b)(7)(c), applies to records or information compiled for law enforcement purposes to the extent release of the information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(c). This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Computer Prof'ls for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996); Reporters Comm. for Freedom of the Press v. U.S. Dept. of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987). An

agency in a FOIA case may categorically assert exemption (b)(7)(c) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

The Inmate Telephone Monitoring Reports contain notes of the recorded telephone conversations, and implicate the privacy interest of at least one other person on each of the telephone calls. The Courts have long recognized that individuals have a "strong interest," whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity. Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990); see also Neely v. FBI, 208 F.3d 461, 464-66 (4th Cir. 2000) (finding that FBI Special Agents and third-party suspects have "substantial interests in nondisclosure of their identities and their connection to a particular investigation"). There is simply no public interest in the Inmate Telephone Monitoring Reports at issue in this case. The District of Columbia Circuit has long held that the public interest contemplated by the FOIA is that of the general public, not a private litigant. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975). In this case, Plaintiff's stated purpose for requesting the files is personal. Mr. Moore has consistently made clear that he is pursuing this litigation in hopes of obtaining evidence to mount a collateral attack on his conviction. (See Ct. Doc. 8 ex. No. 6, Plaintiff's appeal letter). Thus, the BOP has properly withheld the Inmate Telephone Monitoring Reports under § 552(b)(7)(c).

**C. Defendant Has Not Waived Its Right To Withhold Documents Based On Prior Disclosures**

Plaintiff also asserts that BOP's withholding of the telephone logs is improper because they had already been released in part at his trial. Despite plaintiff's assertion, a partial prior release of documents is not the standard to determine whether or not later disclosure under FOIA is appropriate. Rather, in regard to a prior disclosure, courts have consistently held that the prior public disclosure must "match" the exempt information in question, or else the difference between the two might itself be a sufficient basis for reaching the conclusion that no waiver has occurred. See Davis v. United States Dep't of Justice, 968 F.2d 1276, 1280 (D.C. Cir. 1992) (finding no waiver as plaintiff failed to demonstrate that "exact portions" of records sought are in public domain); Fitzgibbon v. CIA, 911 F.2d 755, 766 (D.C. Cir. 1990) (finding no waiver when withheld information "pertains to a time period later than the date of the publicly documented information); Hertzberg v. Veneman, 273 F.Supp.2d 67, 81-82 (D.D.C. 2003) (holding that "selective" disclosure of some withheld material does not waive use of exemptions to protect similar, but undisclosed, information).

Plaintiff states in his Opposition Motion that he "request to see the telephone logs, of which a great sum of them had already been disclosed during plaintiff's trial. To tell the full story, plaintiff requested the *rest* of the telephone logs, *similar* to the ones that had already been disclosed at his trial." (See Ct. Doc. 10 pg. 3 & 4, Plaintiff's Opposition to Defendant's Motion). Thus, the documents Plaintiff seeks in this case are *similar* but not the exact records utilized at his trial. In addition, Plaintiff has not provided any evidence, that the documents he seeks in this case "match" the documents disclosed during his criminal trial. The mere fact that some information may have been disclosed at a criminal trial does not result in waiver as to other information. See Burge v. Eastburn, 934 F.2d 577, 579 (5th Cir.1991). Similarly, disclosure of some telephone

6

reports at trial does not constitute a waiver with respect to all future telephone reports that may be created. Thus, Plaintiff's argument that the BOP has waived its right to withhold the requested records is without merit.

### D. An In Camera Inspection is Unnecessary

In camera review is unnecessary and inappropriate when agencies meet their burden of proof by means of sufficiently detailed affidavits. See Nowak v. United States, No. 98-56656, 2000 WL 60067 (9th Cir. Jan 21, 2000). *In camera* review is one of several options that may be ordered when agency affidavits are insufficiently detailed to permit meaningful review of exemption claims. See Halprin v. FBI, 181 F. 3d. 279 (2nd circuit 1999). Because Defendant has supported its Motion For Summary Judgment with sufficient detail to permit a meaningful review such inspection is not warranted. Thus, the Court need not consider in camera inspection unless it is unsatisfied after reviewing Defendant's Motion for Summary Judgment, and accompanied exhibits (See Ct. Doc.8).

### CONCLUSION

Plaintiff cannot establish any violation of the FOIA or the Privacy Act. Defendant properly withheld the requested documents from release under 5 U.S.C. 552 (b)(2), (b)(7)(c) and 5 U.S.C. 552a (j)(2). Prior disclosures of similar documents does not waive any of Defendant's rights to withhold information from Plaintiff. Additionally Plaintiff has failed to establish that in camera inspection is necessary.

WHEREFORE, Defendant respectfully submits that the Court should enter judgment in favor of the Defendant.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_/s/_____
Raymond A. Martinez TX. BAR # 13144015
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4417
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I

    HEREBY CERTIFY that on this <sup>27th</sup> day of May, 2008, I caused the foregoing Defendant's reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, to be served on Plaintiff, <u>pro se</u>, by first-class mail, postage prepaid, addressed as follows:

    Noah Moore
    REG.# 24804-013
    Federal Correctional Institution Elkton
    Inmate Mail/Parcels
    P.O. Box 10
    Lisbon, OH 44432

    __/s/_____
    Raymond A. Martinez TX BAR #13144015
    Special Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Room E4415
    Washington, D.C. 20530
    (202) 514-9150
    (202) 514-8780 (facsimile)