UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOAH MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-223 (EGS) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Noah Moore filed this *pro se* complaint, alleging that the Bureau of Prisons[1] ("BOP") is not entitled to withhold certain records he requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  *See* Compl. ¶¶ 1-3.  The BOP has filed an agency declaration and a motion for summary judgment, which Moore has opposed.  Because there is no genuine issue of material fact and the BOP is entitled to judgment as a matter of law, the defendant's motion will be granted.

### BACKGROUND

After serving more than half of his 235-month prison term for trafficking in cocaine, Moore was convicted of trafficking in heroin from prison and was sentenced to an additional 200 months of imprisonment, to run consecutively to his sentence for cocaine trafficking.  *See* Def.'s Mot. for Summ. J. ("MSJ"), Ex. 1.  Some of the evidence used to convict Moore in his trial on the heroin charges was obtained from inmate telephone monitoring reports ("ITMR") that

---

[1] The plaintiff concedes that the proper defendant in this action is the custodian of the records sought, the Bureau of Prisons, and does not object to the substitution of the BOP for the United States of America.  *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1.

memorialized Moore's telephone conversations with others in the period from 2000 through 2002. *Id.,* Ex. 6; *see also* Compl., Ex. A-1, A-3, A-4, A-6 (ITMRs).[2] ITMRs are created as part of the BOP's ongoing surveillance of inmates to guard against illegal activity, among other things. *See* MSJ at 7 (quoting 60 Fed. Reg. 19,958 (1995)) (stating the four purposes of the Telephone Activity Record System).

Through a FOIA request submitted in February 2007, Moore sought ITMRs for telephone calls made between January 2003 and September 2003.[3] Compl. ¶ 1. A search located 66 responsive ITMRs, each of which was withheld in full. Moore appealed the decision. MSJ Ex. 6. On appeal, the decision was affirmed on the grounds that the information was exempt from mandatory disclosure under the Privacy Act by operation of 5 U.S.C. § 552a(j)(2) and 28 C.F.R. § 16.97(e), and that the information was exempt from disclosure under FIOA exemptions

---

[2] The parties use various terms to refer to the ITMRs. The plaintiff appends ITMRs to his complaint in conjunction with a statement by a court about telephone "logs." *See* Compl. at 2 n.1 (quoting *Mays v. DEA,* 234 F.3d 1324 (D.C. Cir. 2000) and citing exhibits). The plaintiff also refers to ITMRs by the terms "telephone call monitoring logs," Compl. ¶ 1, and "telephone call monitoring log reports," MSJ Ex. 6 (referring to Policy [sic] Statement 1380.05). The defendant refers to the ITMRs by the terms "telephone call monitoring reports," *id.* Ex. 3, "telephone monitoring logs," *id.* Exs. 5, 8, "telephone logs," Reply at 2, 6, and "Inmate Telephone Monitoring Reports," *id.* at 3, 4, 5. At one, and only one, point in this litigation, the plaintiff implies a distinction between ITMRs and "telephone logs." *See* Opp'n at 3 ("The segregability of the inmate telephone monitoring reports is not even an issue because plaintiff does not request them. Instead, plaintiff requests to see the telephone logs, of which a great sum of them had already been disclosed during plaintiff's trial.") Because the notion of a distinction between a "telephone log" and an ITMR is undermined by the fact that the complaint appends ITMRs and not something different, the fact that the parties have not otherwise indicated that there is a difference between a telephone log and an ITMR, and that some of the references by the plaintiff specifically cite the Program Statement Number of the ITMRs, *see* MSJ Ex. 6, the Court proceeds here on the assumption that the plaintiff's FOIA request was for information memorialized in the ITMRs.

[3] Moore also sought other information, which is not at issue in this civil action. *See* MSJ Ex. 3.

codified at 5 U.S.C. § 552(b)(2) and (b)(7)(C). *Id.* Ex. 8. Moore's request for reconsideration was unsuccessful, and he brought this civil action, seeking "telephone call monitoring log reports from January 2003 to September 2003." Compl. ¶ 1. Moore disputes that the records are exempt from mandatory disclosure under the Privacy Act. Opp'n at 3. He also contends that the BOP is not entitled to withhold the requested documents because others like them were disclosed during his criminal trial. *Id.* at 2. It is not entirely clear whether Moore has abandoned the argument that he presented in his complaint, that FOIA exemption (b)(7)(C) does not justify withholding the information because Moore's interest outweighs any third-party interest in privacy, as it is not mentioned in his opposition. *See generally, id.* Moore does not dispute that the search was reasonable or that the records are exempt from disclosure under FOIA exemption (b)(2). *See generally, id.*

## DISCUSSION

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255.

In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information responsive to the request either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980). A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981). To successfully challenge such a showing by the defendant agency, the plaintiff party must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

Here, the BOP has filed a sworn statement attesting that the records Moore requested are exempt from mandatory disclosure under the Privacy Act. *See* MSJ, Ex. 2, Affidavit of Christine Greene, Mar. 21, 2008, ¶ 13. The agency further attested that pursuant to the FOIA, a search of BOP records revealed a total of 66 responsive documents, all of which were being withheld under FOIA exemptions (b)(2) and (b)(7)(C), and that none of the information was reasonably segregable. *Id.* ¶ 6, 9, 10, 15, 16, 19, 21. Moore does not identify any issue with the adequacy of the BOP's search, its determination to withhold information under FOIA exemption (b)(2), or its determination that no information could reasonably be segregated. *See generally*, Opp'n (not

challenging the search or the (b)(2) exemptions); *see id.* at 3 (stating that the "segregability of the inmate telepohne monitoring reports is not even an issue").

Moore challenges the BOP's assertion that the records are exempt from mandatory disclosure under Privacy Act. He concedes that section (j)(2) allows an agency to exempt certain systems of records that are maintained for law enforcement purposes, but argues that the (j)(2) exemption does not apply, stating that he"fails to see how his request for mere telephone logs has anything to do with . . . illegal activities or suspected illegal activities being conducted, coordinated or directed from within a Federal correctional institution." Opp'n at 3. Moore's failure to see the connection does not alter what must be the conclusion based on the law. There is no doubt that the BOP's Telephone Activity Record System has been exempted from the mandatory disclosure provisions of the Privacy Act. *See* 5 U.S.C. § 552a(j)(2) and 28 C.F.R. § 16.97(e) (expressly exempting the BOP's Telephone Activity Record System). Moreover, Moore's statement cannot be credited as genuine, because his originally stated interest in these records stemmed from the use of ITMRs against him in his criminal trial for participating in heroin trafficking from within a Federal correctional institution. *See* Compl. ¶ 6 (alleging a connection between the documents requested and Moore's criminal sentence to 200 months of imprisonment).

FOIA exemption (b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). In order to properly withhold materials under this exemption, the defending agency must establish both (1) that the information requested was compiled for law

enforcement purposes and (2) that its disclosure would involve an unwarranted invasion of a third party's privacy. *Pratt v. Webster,* 673 F.2d 408, 413 (D.C. Cir. 1982). As already noted, it is beyond serious debate that the records at issue are compiled, in part, for law enforcement purposes. Moore makes a waiver argument, asserting that the BOP is not entitled to claim the (b)(7)(C) exemption as to the requested ITMRs because "similar ones" had "already been disclosed at his trial," Opp'n at 3, and the records he now requests were previously "simply discoverable," *id.* at 2. Moore's reliance on this waiver argument is misplaced. When exempt information has been released such that there is a permanent public record of that information, the exemption is no longer effective. *Davis v. U.S. Dep't of Justice,* 968 F.2d 1276, 1280 (D.C. Cir. 1991). However, Moore has not shown that there is a permanent public record of the information he has requested. Instead, what Moore seeks is records that have not yet been disclosed — the "rest of the telephone logs" — of the same or "similar" type, not the same records that were previously released for use at his criminal trial. Opp'n at 3, 4. Because there is no permanent public record of the information Moore seeks, the exemption is still effective if the agency can show, as it has here, that the material falls within the statutory exemption. *Davis,* 968 F.2d at 1280. Moore's argument that the records he now seeks were subject to discovery demands in his criminal trial (setting aside any doubts as to the accuracy of the premise) is equally ineffective for the same reasons. Now, it is irrelevant that the records could have been publicly disclosed sometime in the past, because they were not, in fact, publicly disclosed.

In his complaint, Moore alleged that his "need for these documents outweighs any imagined privacy interest" that a third party may have because Moore's liberty is at stake. Compl. ¶ 6. The law does not support Moore's position. Given the nature of law enforcement

records, the individual's "privacy interest at stake is substantial." *SafeCard Serv., Inc. v. S.E.C.*, 926 F.2d 1197, 1205 (D.C. Cir. 1991). An invasion of the individual's privacy interest in (b)(7)(C) material is warranted only when that interest is outweighed by the public's interest in disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the interest Congress intended [FOIA exemption (b)(7)(C) ] to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). Here, Moore has not identified a public interest to support his request; rather, he identifies a personal interest, his liberty. Compl. ¶ 6; *see also* MSJ Ex. 6 (stating his belief that "there is the great possibility that the content of the log report could ex[o]norate this requester"). The plaintiff's personal interest is, no doubt, of paramount importance to him, but it is irrelevant to the FOIA, which by law is sensitive only to a public interest. *Accord Nat'l Ass'n of Retired Fed. Employees v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989) (equating a showing of no public interest to "nothing" when balancing the public interest in disclosure (b)(6) material against the individual interest in privacy). Accordingly, Moore's argument on this point fails, as well.

## CONCLUSION

Because the submissions of the defendant demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, and the plaintiff has not identified a genuine issue of material fact, the defendant's motion will be granted and judgment entered for the defendant. A final order accompanies this Memorandum Opinion.

Date: March 17, 2009

/s/
EMMET G. SULLIVAN
United States District Judge